IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APNEA SCIENCES CORPORATION *d/b/a* SNORERX, | ) ) ) |
| Plaintiff, | ) C.A. No. ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| MADDOURI LLC *d/b/a* ZCOMFORT, and BAHA MADDOURI, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND PATENT INFRINGEMENT**

Plaintiff Apnea Sciences Corporation dba SnoreRx ("ASC" or "Plaintiff") for its complaint against Defendant Maddouri LLC dba Maddouri dba ZComfort and Baha Maddouri (together "Maddouri" or "Defendants") alleges as follows:

**INTRODUCTION**

1. This is an action for copyright infringement in violation of 17 U.S.C. § 106 *et seq.* and patent infringement in violation of 35 U.S.C. § 271.

2. ASC owns exclusive rights in United States Copyright Registration Nos. VA 2-420-691 ("the '691 Copyright"), VA 2-420-690 ("the '690 Copyright"), and VA 2-420-683 ("the '683 Copyright" and collectively the "ASC Copyrights") which are attached hereto as Exhibits A, B, and C, respectively.

3. Defendants make and use unauthorized reproductions of ASC's original works which are the subject of the ASC Copyrights.

4. ASC is exclusive licensee of United States Patent No. 8,833,374 (the "'374 Patent" or "Asserted Patent") entitled "Intra-oral Mandibular Advancement Appliance," which is attached hereto as Exhibit D.

5. The Defendants make, use, import, sell, and/or offer for sale the Zcomfort product, which infringes the '374 Patent, without authorization.

6. ASC seeks, among other relief, an injunction preventing Defendants from further infringements of the ASC Copyrights and the Asserted Patent, and the disgorgement of the Defendants' profits gained by its infringement.

## THE PARTIES

7. Plaintiff ASC is a Nevada corporation with a registered agent at CT Corporation System, 701 S. Carson St. Suite 200, Carson City, Nevada 89701 and a principal place of business at 2518 Anthem Village Drive #101, Henderson, Nevada 89052.

8. Defendant Maddouri LLC is a Delaware corporation with a primary place of business located at 16192 Coastal Hwy, Lewes, Delaware 19958 and doing business through www.maddouri.com. On information and belief, Mr. Maddouri and Maddouri LLC use the email address zcomfortassistance@gmail.com in connection with the business of Maddouri LLC.

9. Defendant Baha Maddouri is an individual with a primary place of business located at 16192 Coastal Hwy, Lewes, Delaware 19958 and doing business through www.maddouri.com. On information and belief, Mr. Maddouri and Maddouri LLC use the email address zcomfortassistance@gmail.com in connection with the business of Maddouri LLC.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*. This Court also has subject matter jurisdiction over the copyright infringement claims under 28 U.S.C. § 1331 as an action arising under the U.S. Copyright Act. 17 U.S.C. § 411(a).

11. This Court has personal jurisdiction over Maddouri because Maddouri LLC is an entity organized and existing under the laws of the State of Delaware with a registered agent at 16192 Coastal Hwy, Lewes, Delaware 19958 and Baha Maddouri has consented to jurisdiction in the District of Delaware. *See* DMCA Counter Notice (attached hereto as Exhibit E).

12. Venue is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) because Maddouri LLC is an entity organized and existing under the laws of the State of Delaware and has a registered agent at 16192 Coastal Hwy, Lewes, Delaware 19958 and therefore resides in the District of Delaware. In addition, venue is proper in this Court as to Baha Maddouri under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) because Baha Maddouri is an individual residing or maintaining a principal place of business at 16192 Coastal Hwy, Lewes, Delaware 19958 and who has consented to jurisdiction in the District of Delaware.

## BACKGROUND

13. ASC has been in the business of medical appliances for more than 15 years and focuses on providing innovative medical products to treat and manage sleep disorders. Among the products offered by ASC is SnoreRx, a custom-fitted adjustable anti-snoring device.

14. ASC has been marketing the current version of SnoreRx since at least 2014. ASC has invested significant time and resources to become a leading provider of anti-snoring devices, which it sells through its own website, https://www.snorerx.com/.

15. SnoreRx is an intra-oral device that each user customizes to their particular bite. The product reduces or eliminates snoring by gently moving the lower jaw forward, incrementally, which pulls the user's tongue forward and opens the airway, thereby preventing snoring. One of the innovative features of SnoreRx is the ability to adjust the lower jaw placement setting gradually as opposed to having only one setting.

16.     ASC has advertised its SnoreRx products using various graphic images, including the ones shown below:



https://www.snorerx.com/snorerx-plus/



https://www.snorerx.com/snorerx/



https://www.snorerx.com/snorerx/

4

17.     ASC has protected copyrighted materials associated with its SnoreRx products with the U.S. Copyright Office. On November 1, 2024, ASC obtained a U.S. copyright registration (Registration Number: VA 2-420-691 ("the '691 Copyright")) to protect the image shown above of the SnoreRx Plus product, reproduced below:



18.     On November 1, 2024, ASC obtained a U.S. copyright registration (Registration Number: VA 2-420-683 ("the '683 Copyright")) to protect the image of the SnoreRx product reproduced below:



19.     On November 1, 2024, ASC also obtained a U.S. copyright registration (Registration Number: VA 2-420-690 ("the '690 Copyright")) to protect a different image of the SnoreRx product reproduced below:



20.     Beginning in 2023, Defendants introduced infringing knock-offs of the ASC SnoreRx products. Defendants market their product under the ZComfort brand name on at least www.maddouri.com and www.facebook.com.

6

21. Although Defendants are not authorized to use ASC's copyrighted work, the Defendants misappropriated the copyrighted work to offer and sell counterfeit products. An example of Defendants' past copying of ASC's copyrighted work on Defendant's website is shown below (attached hereto as Exhibit F) and is available at the URL: https://web.archive.org/web/20240112192934/https://maddouri.com/.

| ASC's Copyrighted Work | Exemplary Defendants' Copyright Infringement |
|---|---|
| (Exhibit A) | (Exhibit F) |

22. Defendants have also used ASC's copyrighted work in advertisements on Facebook. In two videos featuring Shaquille O'Neal, Defendants have used ASC's copyrighted work to advertise their product. The screenshot on the left below is from the Defendants' advertisement videos and shows Defendants' ZComfort logo outlined in a red box and a copy of the '690 Copyright outlined in a blue box with Mr. O'Neal in the background, capturing the video advertisement at 49 seconds. The screenshot on the right shows that the advertisement started running on August 28, 2024. A screenshot of the webpage featuring the video advertisement is attached hereto as Exhibit G.

//

//

7



23. In a second video featuring Mr. O'Neal, ASC's '683 Copyrighted work is shown at 1 minute 47 seconds. The screenshot on the left below is from the Defendants' advertisement videos shows Defendants' ZComfort logo outlined in a red box and a copy of the '683 Copyright outlined in a blue box, and the screenshot on the right shows that the advertisement started running on August 27, 2024. A screenshot of the webpage featuring the video advertisement is attached hereto as Exhibit H.

//

//



24.    ASC has not at any time consented to Defendants using ASC's copyrighted works, nor has ASC ever engaged Mr. O'Neal to sponsor any of ASC's products.

25.    In a third advertisement on Facebook, shown below, Defendants superimpose a copy of the '691 Copyright on an image of sleeping people on a Facebook post bearing the Zcomfort brand name. Details about the advertisement show that Maddouri paid for the advertisement and will also benefit from the advertisement. A screenshot of the details for this advertisement is attached hereto as Exhibit I.

//

//

//

9



Exhibit I

26. ASC is the owner by assignment of U.S. Patent No. 8,833,374 ("the '374 Patent"), which claims technology relating to a mouthpiece used to prevent snoring. The '374 Patent is entitled "Intra-Oral Mandibular Advancement Appliance" and was issued September 16, 2014. The '374 Patent bears a filing date of August 29, 2011. ASC is the exclusive licensee of the '374 Patent, with the right to sue for past infringement.

27. Claim 15 of the '374 Patent reads as follows:

> An intra-oral mandibular advancement appliance to be inserted in the mouth of a patient so as to permit the position of the lower jaw of the patient to be adjusted relative to the upper jaw to maintain an airway to the throat through which the patient can breathe while sleeping, said appliance comprising:
>
> an upper tray assembly against which the teeth of the patient's upper jaw are seated; and
>
> a lower tray assembly against which the teeth of the patient's lower jaw are seated,

      one of said upper tray assembly and said lower tray assembly including at least one upstanding position control block having at least one first set of teeth running therealong and the other one of said upper and lower tray assemblies having a locking channel recessed therein and having a complementary set of locking teeth running therealong, said position adjustment block being received within said recessed locking channel such that said first and complementary sets of teeth are meshed together in releasable interlocking engagement to prevent a displacement of said lower tray assembly relative to said upper tray assembly,

      said lower tray assembly being responsive to a lateral compressive squeezing force applied thereto to correspondingly change the shape of and deform said lower tray assembly and thereby enable the first and complementary sets of teeth of said position adjustment block and said locking channel to be released from their interlocking engagement with one another so as to permit said upstanding position adjustment block to slide through said recessed locking channel whereby the positions of said lower tray assembly and the patient's lower jaw are correspondingly adjusted relative to the positions of said upper tray assembly and the patient's upper jaw.

*See* Exhibit D ('374 Patent at cl. 15.)

    28.    Defendants make, use, import, sell, and/or offer for sale the ZComfort Anti-Snoring Mouthpiece ("ZComfort Product"), shown below:



https://maddouri.com/products/zcomfort

29. Defendants instruct users of the ZComfort Product to place the ZComfort Product in their mouths to move the user's lower jaw forward in order to alleviate sleep apnea.

30. The ZComfort Product satisfies each and every one of the requirements of at least claim 15 of the '374 Patent, either literally or under the doctrine of equivalents.

31. Defendants' manufacture, use, sale, and/or offer for sale of the ZComfort Product within the United States and/or Defendants' importation of the ZComfort Product into the United States constitutes direct infringement of at least claim 15 of the '374 Patent under 35 U.S.C. § 271(a), and Defendants' actions constitute inducement of direct infringement of at least claim 15 of the '374 Patent by users of the ZComfort Product under 35 U.S.C. § 271(b).

32. ASC has not given Defendants permission to carry out their actions that infringe the '374 Patent.

33. As a result of Defendants' infringement, ASC has incurred actual damages, including lost profits and/or loss of reasonable royalties, has incurred irreparable harm, and will incur irreparable harm if Defendants do not cease their infringement.

## COUNT I – INFRINGEMENT OF U.S. COPYRIGHT NO. VA 2-420-691
*(against Maddouri LLC and Baha Maddouri)*

34. ASC incorporates all of the allegations of paragraphs 1-33 as if fully set forth herein.

35. On November 1, 2024, ASC obtained U.S. Copyright Registration No. VA 2-420-691 ("the '691 Copyright") to protect an image of ASC's SnoreRx Plus product, which is attached as Exhibit A.

36. ASC is the owner of the '691 Copyright.

37. Defendants have made and used unauthorized reproductions of ASC's original work, which is the subject of the '691 Copyright.

12

38. Defendants have produced, reproduced, and/or prepare reproductions of ASC's protected works without ASC's consent. Defendants' acts violate ASC's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

39. Defendants' infringement has been undertaken willfully with the intent to financially gain from ASC's copyrighted work. Defendants have willfully infringed ASC's copyrighted work.

40. Because of Defendants' infringing acts, ASC is entitled to its actual damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

41. Because of Defendants' willful infringement, ASC is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

42. Defendants' infringement has caused and continues to cause irreparable harm to ASC, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing ASC's protected work, the harm will continue to occur in the future. Accordingly, ASC is entitled to an injunction against future infringement.

### COUNT II – INFRINGEMENT OF U.S. COPYRIGHT NO. VA 2-420-683
*(against Maddouri LLC and Baha Maddouri)*

43. ASC incorporates all of the allegations of paragraphs 1-42 as if fully set forth herein.

44. On November 1, 2024, ASC obtained U.S. Copyright Registration No. VA 2-420-683 ("the '683 Copyright") to protect an image of ASC's SnoreRx product, which is attached as Exhibit C.

45. ASC is the owner of the '683 Copyright.

13

46. Defendants have made and used unauthorized reproductions of ASC's original work, which is the subject of the '683 Copyright.

47. Defendants have produced, reproduced, and/or prepare reproductions of ASC's protected works without ASC's consent. Defendants' acts violate ASC's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

48. Defendants' infringement has been undertaken willfully with the intent to financially gain from ASC's copyrighted work. Defendants have willfully infringed ASC's copyrighted work.

49. Because of Defendants' infringing acts, ASC is entitled to its actual damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

50. Because of Defendants' willful infringement, ASC is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

51. Defendants' infringement has caused and continues to cause irreparable harm to ASC, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing ASC's protected work, the harm will continue to occur in the future. Accordingly, ASC is entitled to an injunction against future infringement.

### COUNT III – INFRINGEMENT OF U.S. COPYRIGHT NO. VA 2-420-690
*(against Maddouri LLC and Baha Maddouri)*

52. ASC incorporates all of the allegations of paragraphs 1-51 as if fully set forth herein.

53. On November 1, 2024, ASC obtained U.S. Copyright Registration No. VA 2-420-690 ("the '690 Copyright") to protect an image of ASC's SnoreRx product, which is attached as Exhibit B.

54. ASC is the owner of the '690 Copyright.

55. Defendants have made and used unauthorized reproductions of ASC's original work, which is the subject of the '690 Copyright.

56. Defendants have produced, reproduced, and/or prepare reproductions of ASC's protected works without ASC's consent. Defendants' acts violate ASC's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

57. Defendants' infringement has been undertaken willfully with the intent to financially gain from ASC's copyrighted work. Defendants have willfully infringed ASC's copyrighted work.

58. Because of Defendants' infringing acts, ASC is entitled to its actual damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

59. Because of Defendants' willful infringement, ASC is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

60. Defendants' infringement has caused and continues to cause irreparable harm to ASC, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing ASC's protected work, the harm will continue to occur in the future. Accordingly, ASC is entitled to an injunction against future infringement.

## **COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,833,374**
*(against Maddouri LLC and Baha Maddouri)*

61.     ASC incorporates all of the allegations of paragraphs 1-60 as if fully set forth herein.

62.     The '374 Patent, entitled "Intra-Oral Mandibular Advancement Appliance," was duly and lawfully issued by the United States Patent and Trademark Office on September 16, 2014.

63.     ASC is the exclusive licensee of the '374 Patent and possesses all rights of recovery under the '374 Patent, including the right to recover damages for past infringement.

64.     ASC has provided the Defendants with actual notice of their infringement of the '374 Patent through written correspondence to Defendants dated November 4, 2024, a copy of which is attached hereto as Exhibit J.

65.     Defendants have been and are now directly infringing at least claim 15 of the '374 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the ZComfort Product within the United States and/or by importing the ZComfort Product into the United States, and will continue to do so unless enjoined by this Court.

66.     The Defendants infringe at least claim 15 of the '374 Patent as shown in the claim chart attached as Exhibit K by making, using, selling, and/or offering for sale the ZComfort Product within the United States and by importing the ZComfort Product into the United States.

67.     Defendants' customers who use the ZComfort Product also directly infringe at least claim 15 of the '374 Patent by using the ZComfort Product within the United States.

68.     Defendants instruct their customers in the use of the ZComfort Product, at least at the internet URLs https://maddouri.com/ and https://maddouri.com/products/zcomfort, with the intent that their customers will use the ZComfort Product in violation of at least claim 15 of the '374 Patent.

69. Defendants have indirectly infringed at least claim 15 of the '374 Patent by actively inducing the direct infringement of their customers under 35 U.S.C. § 271(b) by providing instructions for use of the ZComfort Product at internet URLs https://maddouri.com/ and https://maddouri.com/products/zcomfort.

70. Upon information and belief, despite their knowledge of the '374 Patent and their infringement thereof, Defendants have continued in their infringing actions with respect to the ZComfort Product, and therefore their infringement of the '374 Patent has been willful and deliberate.

71. In any event, Defendants will have knowledge of their infringement and their customers' infringement of the '374 Patent based on the service of this paper, and therefore, any continuance of their actions with respect to the ZComfort Product thereafter will constitute willful and deliberate infringement of the '374 Patent.

72. ASC has been damaged by Defendants' infringement of the '374 Patent in an amount to be determined at trial and has no adequate remedy at law for future infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, ASC respectfully requests that the Court provide the following relief in favor of ASC and against Defendants as follows:

1. A judgment in favor of ASC that Defendants have infringed the ASC Copyrights;

2. A judgment in favor of ASC that Defendants' infringement of the ASC Copyrights has been willful;

3. A judgment in favor of ASC that ASC is entitled to its actual damages and disgorgement of Defendants' profits attributable to the infringement of the ASC Copyrights, in an amount to be proved at trial;

4. A judgment in favor of ASC that ASC is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2) due to Defendants' willful infringement;

5. An order and judgment enjoining Defendants and Defendants' officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors, and any and all persons acting in privity or in concert with any of them, from further infringing the registered ASC Copyrights;

6. A judgment that Defendants have infringed, directly and/or indirectly, the '374 Patent, either literally or under the doctrine of equivalents;

7. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 prohibiting Defendants from future infringement of the '374 Patent;

8. An award of damages under 35 U.S.C. § 284 for Defendants' infringement of the '374 Patent;

9. A trebling of damages under 35 U.S.C. § 284 for Defendants' willful infringement of the '374 Patent;

10. A declaration that this is an exceptional case and an award of attorney fees pursuant to 35 U.S.C. § 285;

11. An award of costs pursuant to Fed. R. Civ. P. 54(d)(1) and/or 28 U.S.C. § 1920;

12. Any such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all matters triable to a jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| Brian N. Platt | Bindu A. Palapura (#5370) |
| WORKMAN NYDEGGER | Andrew M. Moshos (#6685) |
| 60 East South Temple | Malisa C. Dang (#7187) |
| Suite 1000 | Hercules Plaza, 6th Floor |
| Salt Lake City, UT 84111 | 1313 N. Market Street |
| (801) 533-9800 | Wilmington, DE 19801 |
|  | Tel: (302) 984-6000 |
| Dated: January 6, 2025 | dmoore@potteranderson.com |
| 11965085 / 24718.00001 | bpalapura@potteranderson.com |
|  | amoshos@potteranderson.com |
|  | mdang@potteranderson.com |

*Attorneys for Plaintiff Apnea Sciences Corporation*